UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| G & G Closed-Circuit Events, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 14-CV-02073 |
| | ) | |
| v. | ) | Judge Joan Gottschall |
| | ) | Magistrate Jeffrey Cole |
| Jaime F. Castillo, | ) | |
| Maria A. Castillo, | ) | |
| and El Bajio Enterprises, Inc. | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO DISMISS**
**INDEX OF EXHIBITS**

| Exhibit No. | Description | Cite (if applicable) |
|---|---|---|
| 1 | May 29, 2013 Riley letter to Castillo | |
| 2 | July 2, 2013 Riley letter to Castillo | |
| 3 | August 8, 2013 Riley letter to Castillo | |
| | January 29, 2014 Riley letter to Castillo | |
| 4 | Declaration of Lisa L. Clay | |
| 5 | Affidavit of Aaron Lockner | |
| 6 | G & G Closed Circuit Events, LLC v. Looney | Case No. C 12-3094-SBA, 2013 U.S. Dist. LEXIS 57446 (N.D. Cal. April 22, 2013) |
| 7 | Page v. Midland Fed. & S & L Ass'n | No. 12 C 8261, 2013 U.S. Dist. LEXIS 132354 (N.D. Ill. Sept. 13 2013) |

| | | |
|---|---|---|
| 8 | *Aribal v. GMAC Mortg.* | No. 12 C 9735, 2013 U.S. Dist. LEXIS 105355 (N.D. Ill. July 29, 2013) |
| | *Citibank, N.A. v. Automart, Int'l, Inc.* | No. 14 C 169, 2014 U.S. Dist. LEXIS 79133 (N.D. Ill. June 11, 2014) |
| 9 | *Al Maha Trading & Contr. Holding Co. v. W.S. Darley & Co.* | No. 12 C 1920, 2014 U.S. Dist. LEXIS 74619 (N.D. Ill. June 2, 2014) |
| 10 | *Int'l Equip. Trading, Ltd. v. AB Sciex ,LLC* | No. 13 C 1129, 2013 U.S. Dist. LEXIS 123109 (N.D. Ill. Aug. 29, 2013) |
| 11 | *G & G Closed Circuit Events, LLC v. Flynn* | No. 11 cv 3709, 2011 U.S. Dist. LEXIS 12058 (N.D. Ill. Oct. 19, 2011) |
| | *G & G Closed Circuit Events, LLC v. Espinoza* | No. 12-06349, 2013 U.S. Dist. LEXIS 120371 (N.D. Cal. Aug. 23, 2013) |
| | *G&G Closed Circuit Events, LLC v. Nguyen* | No. 10 cv 5718, 2012 U.S. Dist. LEXIS 35476 (N.D. Cal. March 15, 2012) |
| | *G & G Closed Circuits Events, LLC v. Thao Xuan Vo* | No. 10 cv 5720, 2012 U.S. Dist. LEXIS 35390 (N.D. Cal. March 15, 2012) |
| 12 | *G& G Closed Circuit Events, LLC v. Gonzales* | 13 cv 1433, 2014 U.S. Dist. LEXIS 41494 (E.D. Ca. March 27, 2014) |
| | *J & J Sports Prods. v. Samano* | 13 CV 721, 2014 U.S. Dist. LEXIS 61771 (N.D. Okla., May 5, 2014) |
| | *J & J Sports Prods v. Orellana* | 12 cv 1850, 2013 U.S. Dist. LEXIS 93195 (E.D. Ca. July 2, 2013). |

# EXHIBIT 1

# LAW OFFICES OF THOMAS P. RILEY
### A PROFESSIONAL CORPORATION

FIRST LIBRARY SQUARE
1114 FREMONT AVENUE
SOUTH PASADENA, CA 91030-3227
TPRLAW @att.net

TEL: (626) 799-9797

FAX: (626) 799-9795

May 29, 2013

Mr. Jaime F. Castillo
El Bajio Enterprises, Inc.
d/b/a La Pena Restaurante
4212 North Milwaukee
Chicago, IL 60641

Re: *G & G Closed Circuit Events, LLC v. Jaime F. Castillo, et al.*    Our File No. 042013-31308

*Transmitted By Overnight Mail Only*

Mr. Castillo:

By copy of this letter, please be advised that this law firm is retained counsel for G &G Closed Circuit Events, LLC, in connection with its domestic commercial distribution of the *Saul Alvarez v. Austin Trout Fight Program,* telecast nationwide on Saturday, April 20, 2013.

We are informed and believe that this *Program* was exhibited at your commercial establishment in violation of the exclusive closed-circuit broadcast rights owned by my client. Any unauthorized broadcast of said *Program* was in direct violation of the law, including but not limited to Title 47 U.S.C. Section 605, and or Title 47 U.S.C. Section 553, *et seq*.

The purpose of this correspondence is to give you an opportunity to reach a settlement with my client prior to the commencement of litigation in United States District Court. A timely settlement of this matter will enable you to avoid:

1. Personal exposure to statutory and compensatory damages, and
2. Financial responsibility on your part for all recoverable legal costs, including our firm's attorneys' fees, and
3. The inconvenience and expense that will attend your defense of a costly federal lawsuit.

Our firm will forgo the commencement of suit, and the undertaking of any other such legal measures, for a period of ten (10) calendar days from the date of this correspondence. At this time I urge you, your attorney, or your authorized representative to contact the undersigned forthwith.

Cordially,

Thomas P. Riley

TPR /sm

# EXHIBIT 2

Case: 1:14-cv-02073 Document #: 22 Filed: 07/14/14 Page 5 of 20 PageID #:76

# LAW OFFICES OF THOMAS P. RILEY
A PROFESSIONAL CORPORATION

FIRST LIBRARY SQUARE
1114 FREMONT AVENUE
SOUTH PASADENA, CA 91030-3227
TPRLAW @att.net

TEL: (626) 799-9797　　　　　　　　　　　　　　　　　FAX: (626) 799-9795

July 2, 2013

Mr. Jaime F. Castillo
El Bajio Enterprises, Inc.
d/b/a La Pena Restaurante
4212 North Milwaukee
Chicago, IL 60641

1465 North Northwest Highway, Apt. 2
Park Ridge, IL 60068

Re: *G & G Closed Circuit Events, LLC, v. Jaime F. Castillo, et al.*　　File No. 042013-31308

Mr. Castillo:　　　　　　　　　　　　　　　*Transmitted By First Class and Certified Mail*

As you know this law firm represents G & G Closed Circuit Events, LLC, in connection with its commercial domestic distribution of the *Saul Alvarez v. Austin Trout Fight Program*, telecast nationwide on Saturday, April 20, 2013.

On May 29, 2013 our law firm sent correspondence (by Overnight Mail) addressed to you at your establishment address to notify you of my client's claims involving the unlawful exhibition of the above-entitled *Program*. As of this writing however, you have failed and refused to resolve this matter and/or contact this office as was previously requested.

Please understand my client vigorously protects its intellectual property rights. If necessary, will be forced to sue you personally in the United States District Court and seek enhanced statutory damages, compensatory damages, attorneys' fees and costs. To that end we are under strict instruction from our client to coordinate institution of suit with local counsel unless you resolve this matter without further delay.

**Understand any opportunity to settle this matter on financial terms favorable to you will be withdrawn once litigation is commenced against you in the United States District Court. As such, you are strongly advised to contact this office forthwith.**

Cordially,

Thomas P. Riley

TPR/sm

# EXHIBIT 3

# LAW OFFICES OF THOMAS P. RILEY
## A PROFESSIONAL CORPORATION

FIRST LIBRARY SQUARE
1114 FREMONT AVENUE
SOUTH PASADENA, CA 91030-3227
TPRLAW@att.net

TEL: (626) 799-9797      FAX: (626) 799-9795

August 8, 2013

Mr. Jaime F. Castillo
El Bajio Enterprises, Inc.
d/b/a La Pena Restaurante
4212 North Milwaukee
Chicago, IL 60641

1465 North Northwest Highway, Apt. 2
Park Ridge, IL 60068

Re: <u>G & G Closed Circuit Events, LLC v. Jaime F. Castillo, et al.</u>    Our File No. 042013-31308

Mr. Castillo:                             *Transmitted By Overnight Mail*

As you have been previously informed this law firm G & G Closed Circuit Events, LLC, in connection with the *Saul Alvarez v. Austin Trout Fight Program*, telecast nationwide on Saturday, April 20, 2013. As you are also aware, it is alleged your establishment exhibited the above-entitled *Program* in contravention of my client's proprietary rights. Our office has made several previous attempts to reach settlement with you in order to spare all parties involved the inconvenience and expense of a lawsuit to be filed in the United States District Court. Regretfully our efforts have been unsuccessful, and litigation remains my client's only alternative.

To that end we must now prepare, file, and serve appropriate lawsuit papers (summons, complaint) upon you. In that regard, and in an effort to avoid any, interruption or disruption that may result when the local process server effects legal process of the suit papers upon you, by copy of this letter
I am requesting that you please complete the enclosed questionnaire.

Thank you in advance for your anticipated cooperation in completing and returning the enclosed questionnaire.

Cordially,

Thomas P. Riley

Enclosure

TPR /nk

# LAW OFFICES OF THOMAS P. RILEY
A PROFESSIONAL CORPORATION

FIRST LIBRARY SQUARE
1114 FREMONT AVENUE
SOUTH PASADENA, CA 91030-3227
TPRLAW@ATT.NET

TEL: (626) 799-9797　　　　　　　　　　　　　　　　　FAX: (626) 799-9795

January 29, 2014

Mr. Jaime F. Castillo
El Bajio Enterprises, Inc.
d/b/a La Pena Restaurante
4212 North Milwaukee
Chicago, IL 60641

1465 North Northwest Highway, Apt. 2　　　　　　Our File No. 042013-31308
Park Ridge, IL 60068

Re:　*G & G Closed Circuit Events, LLC v. Jaime F. Castillo, et al.*

　　　　　　　　　　　　　　　　　　　　　　　　*Transmitted By First Class Mail*

Mr. Castillo:

Please consider this correspondence my client's *final* overture towards reaching any pre-suit resolution of this matter.

If you have any interest in avoiding the impending federal action, you have until the end of next week to convey such sentiments to my office.

Cordially,

Thomas P. Riley

TPR/sm

# EXHIBIT 4

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| G & G Closed-Circuit Events, LLC, ) | |
| ) | |
| Plaintiff, ) | Case No. 14-CV-02073 |
| ) | |
| v. ) | Judge Joan Gottschall |
| ) | Magistrate Jeffrey Cole |
| Jaime F. Castillo, ) | |
| Maria A. Castillo, ) | |
| and El Bajio Enterprises, Inc. ) | |
| ) | |
| Defendants. ) | |

## DECLARATION OF LISA L. CLAY

LISA L. CLAY, an adult resident of the state of Illinois states the following, upon her personal knowledge:

1. I am the attorney representing the Defendants in the above-referenced matter.

2. I was unable to visit La Pena or conduct extensive fact gathering prior to filing an answer and counterclaims on May 12, 2014.

3. Prior to filing the Counterclaims in this matter, I conducted numerous searches of both Lexis/Nexis and the Illinois Northern District's filing system to research G & G Closed Circuit Events, LLC, the Plaintiff in the above-referenced matter.

4. Based on those searches, Defendants allege in their counterclaims that there are "scores" of Illinois consumers who may be subject to Plaintiff's alleged

1

misrepresentations, and that Plaintiff may be targeting small businesses whose owners do not speak English.

5. The basis for those allegations is both the volume of reported cases with G & G as a plaintiff, and the large number of those cases against individuals or businesses with Spanish, Polish, and Middle-Eastern names. Although counsel cannot represent that she has read every single case, most of the cases she has read address motions for default against unrepresented defendants.

6. On July 10, 2014 I re-ran the searches I had conducted previously as follows.

7. In the Northern District of Illinois filing system I typed "G & G" and "G&G" into the "Last/Business Name" and obtained a list of cases filed by G & G against the following defendants:

| Case No | Defendant's Last/Business Name |
| --- | --- |
| 11 CV 3709 | Flynn |
| 11 cv 4266 | Rojas |
| 13 cv 5210 | Ruth |
| 14 cv 2474 | Valdivia |
| 12 cv 3026 | Wykurz |
| 12 cv 9594 | Fornalewska |
| 14 cv 1961 | Perez |
| 14 cv 2073 | Castillo (the instant matter) |

8. In Lexis Advance, I typed "name( G & G or G&G Closed /3 Circuit)" and obtained a list of 93 cases filed nationwide since August of 2010. Organized by newest to oldest using the "Date" term, the first ten entries are as follows:

| LEXIS Case Number[1] | Defendant/Business Name |
| --- | --- |
| 2014 U.S. Dist. LEXIS 71566 | Laura Syliva Mendoza Govan |
| 2014 U.S. Dist. LEXIS 66481 | Adnan Mohammed Saddeldin |
| 2014 U.S. Dist. LEXIS 61103 | CCDI, Inc. |
| 2014 U.S. Dist. LEXIS 60463 | Las Rosas Mexican Grill, LLC |
| 2014 U.S. Dist. LEXIS 41494 | Joseph Anthony Gonzales |
| 2014 U.S. Dist. LEXIS 31943 | Ricardo Augusto Miranda |
| 2014 U.S. Dist. LEXIS 20048 | Adnan Mohammed Saddeldin |
| 2014 U.S. Dist. LEXIS 15110 | Naomi Lynn Mojica |
| 2014 U.S. Dist. LEXIS 16811 | Ramon Buzo |
| 2014 U.S. Dist. LEXIS 16767 | Patricia Maldonado |

9. This search also directed me to the *Looney* case, which gave one possible explanation for my client's insistence that they did nothing more than turn on their television and watch regular programming, yet landed in court defending $300,000 in piracy claims: G & G sends investigators into unsuspecting establishments, represents that the show is "not pay per view," tricks them into showing the programming, and

---

[1] I am already filing a Brandeis brief, and am feeling guilty about the number of trees sacrificed for this cause. Since these cases are not being cited in support of a legal argument they are not attached herein, but can be delivered to the Court upon request.

3

then signs an affidavit that allows G & G to scare the establishment into settling or forms the basis for a default judgment.

I state under penalty of perjury and in accordance with 28 U.S.C. §1746 that the foregoing is true and correct.

_____
Lisa L. Clay

Dated: July 14, 2014

# EXHIBIT 5

STATE OF ILLINOIS

COUNTY OF COOK

## AFFIDAVIT

I, Aaron Lockner, who being duly sworn according to law, deposes and says that on Saturday April 20, 2013, at 10:20 PM I entered La Pena Restaurante located at 4212 North Milwaukee Avenue, Chicago, IL 60641, phone number (773) 545-7022.

During my visit I observed a bartender who can be described as a 50/M/H/5'8"/Med/Blk who wore a grey dress shirt and black pants. I also observed a waitress who can be described as a 35/F/H/5'4"/Med/Brn who wore black pants, a white blouse, and a black sweater.

I observed a total of three televisions displaying the Showtime Pay Per View Boxing event. Two flat-panel televisions approximately 50" in size were wall-mounted behind the bar on the southeast wall of the establishment. One flat-panel television approximately 50" in size was wall-mounted in the southern corner of the establishment.

I observed rounds 4 and 5 of the Austin Trout vs Saul Alvarez fight at this location, the night's main event. Trout appeared wearing white shorts while Alvarez wore black shorts.

The capacity of this establishment is approximately 120 people. I counted the number of customers three separate times during my visit. The head counts were 61, 65, and 64. I exited the establishment at 10:30 PM on April 20, 2013.

This establishment has no parking lot, only street parking was available. This establishment rates a good.

Aaron Lockner
P.E.R.C # 129-284937
L. Biela & Assoc Detectives, LTD
License # 117-001323

On April 22, 2013 before me Larry Biela notary public, Aaron Lockner personally appeared.

Subscribed and sworn _____ 04/22/2013

OFFICIAL SEAL
LARRY BIELA
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:06/25/15

# EXHIBIT 6



Neutral
As of: July 9, 2014 4:46 PM EDT

## G & G Closed Circuit Events, LLC v. Looney

United States District Court for the Northern District of California, Oakland Division
April 19, 2013, Decided; April 22, 2013, Filed
Case No: C 12-3094 SBA

**Reporter:** 2013 U.S. Dist. LEXIS 57446; 2013 WL 1739576

G & G CLOSED CIRCUIT EVENTS, LLC, Plaintiff, vs. KENNETH TEDFORD LOONEY, individually and d/b/a LOONEY'S SOUTHERN BBQ; and HTHREEO, LLC, an unknown business entity d/b/a LOONEY'S SOUTHERN BBQ, Defendants.

**Prior History:** G&G Closed Circuit Events, LLC v. Looney, 2013 U.S. Dist. LEXIS 57412 (N.D. Cal., Jan. 18, 2013)

**Core Terms**

default, recommend, entry of default, meritorious defense, magistrate judge, novo

**Counsel:** [*1] For G & G Closed Circuit Events, LLC, Plaintiff: Thomas Peter Riley, LEAD ATTORNEY, Law Offices of Thomas P. Riley, P.C., South Pasadena, CA.

For Kenneth Tedford Looney, doing business as Looney's Southern BBQ, Hthreeo, LLC, doing business as Looney's Southern BBQ, Defendants: Matthew Allen Pare, LEAD ATTORNEY, Law Office of Matthew Pare, Chula Vista, CA.

**Judges:** SAUNDRA BROWN ARMSTRONG, United States District Judge.

**Opinion by:** SAUNDRA BROWN ARMSTRONG

**Opinion**

**ORDER OVERRULING PLAINTIFF'S OBJECTIONS TO REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE**

Dkt. 19, 31, 32

On January 18, 2013, Magistrate Judge Elizabeth Laporte (the Magistrate) issued a Report and Recommendation (R&R) in which she recommended granting Defendants Kenneth Tedford Looney and HTHREEO, LLC's (collectively Defendants) Motion to Set Aside Entry of Default. Dkt. 31.

The parties are presently before the Court on Plaintiff G & G Closed Circuit Events, LLC's Objections to the R&R and related Motion for De Novo Determination Re Defendants' Motion to Set Aside Entry of Default. Dkt. 32. Having read and considered the papers submitted, and the file as a whole, the Court GRANTS Plaintiff's motion for de novo review, OVERRULES Plaintiff's Objections, ADOPTS [*2] the R&R, and GRANTS Defendants' Motion to Set Aside Entry of Default. The Court, in its discretion, adjudicates the instant matter without oral argument. Fed. R. Civ. P. 78(b); Civ. L.R. 7-1(b).

**I. BACKROUND**

The facts of this case are set forth in the Magistrate's R&R, and will not be repeated here in detail. Plaintiff was previously granted exclusive nationwide commercial distribution rights to Strikeforce: 'World Grand Prix': Alistair Overeem v. Fabricio Werdum (the Program), which was telecast nationwide on June 18, 2011. Compl. ¶ 16, Dkt. 1. On that date, Defendants allegedly displayed the Program without authorization at Looney's Southern BBQ. However, the Program was displayed at the behest of an undercover investigator (hired by Plaintiff's counsel) posing as a patron. Looney Decl. ¶¶ 8-9, Dkt. 22. In addition, Defendants made no profit from showing the Program. Id. ¶ 12.

On November 20, 2012, the court clerk entered Defendants' default. Dkt. 17. Defendants retained counsel, and on November 29, 2012, filed a Motion to Set Aside Default. Dkt. 19. The undersigned referred the motion to the Magistrate for an R&R. Dkt. 26. On January 18, 2013, the Magistrate issued her R&R which [*3] recommended setting aside the default. Dkt. 31. Plaintiff has timely objected to the Magistrate's recommendation and filed a motion for de novo review of her R&R. Dkt. 32. The matter is now fully briefed and is ripe for adjudication. Dkt. 33, 34, 35.

**II. LEGAL STANDARD**

A district court judge may refer a matter to a magistrate judge to conduct a hearing, including an evidentiary

hearing, and to thereafter issue findings of fact and recommendations for the disposition of the matter. See 28 U.S.C. 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b)(1); Civ. L.R. 72-3. Within fourteen days of service of the proposed findings and recommendations, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. 28 U.S.C. 636(b)(1); see Fed. R. Civ. P 72(b). The district court must review de novo those portions of the report or specified proposed findings or recommendations to which objection is made. Fed. R. Civ. P 72(b)(1); see Holder v. Holder, 392 F.3d 1009, 1022 (9th Cir. 2004). Factual findings are reviewed for clear error. Quinn v. Robinson, 783 F.2d 776, 791 (9th Cir. 1986). The Court may accept, reject, or modify, in whole or [*4] in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. 636(b)(1). In addition, the Court may consider further evidence or remand the matter to the magistrate judge with instructions. Id.

### III. DISCUSSION

Under Federal Rule of Civil Procedure 55(c), [t]he court may set aside an entry of default for good cause. Franchise Holding II, LLC v. Huntington Rests. Group, Inc., 375 F.3d 922, 925 (9th Cir. 2004). To determine whether a party has shown good cause, the court must examine (1) whether [the party seeking to set aside the default] engaged in culpable conduct that led to the default; (2) whether [it] had [no] meritorious defense; [and] (3) whether reopening the default judgment would prejudice any other party. United States v. Signed Personal Check No. 730 of Yubran S. Mesle, 615 F.3d 1085, 1091 (9th Cir. 2010). As these factors are disjunctive, a finding that any one of these factors is true is sufficient reason for the district court to refuse to set aside the default. Id. The party in default bears the burden of showing that the aforementioned factors favor setting aside the default. See TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 697 (9th Cir. 2001). [*5] Any doubt regarding whether to grant relief should be cast in favor of setting aside the entry of default and deciding the case on its merits. See O'Connor v. Nevada, 27 F.3d 357, 363 (9th Cir. 1994).

Plaintiff first contends that the Magistrate applied the wrong legal standard for setting aside a default in stating that a finding that any one of the [Mesle] factors is true is sufficient to set aside entry of default . . . . See R&R at 4:3-4. The statement by the Magistrate is not accurate. Mesle states that a finding that any of the three factors is true is ground for refusing to set aside the default, not vice versa. 615 F.3d at 1091. Nonetheless, the Magistrate's statement appears to be an inadvertent error. Earlier in the Order in the course of setting forth the applicable legal standard, the Magistrate accurately recites the Mesle standard—a fact which Plaintiff studiously and inappropriately avoids mentioning in its motion. See R&R at 2:2-4. Moreover, the Magistrate correctly analyzed each of the three applicable factors and concluded that they militated in favor of Defendants. As such, Plaintiff's suggestion that the Magistrate applied the wrong legal standard is wholly without [*6] merit.

Next, Plaintiff vaguely argues that the Magistrate erred in finding that Defendants had a partial meritorious defense as to damages. See R&R at 4:5. Though not entirely clear, Plaintiff appears to argue, without citation to any relevant authority, that Defendants must demonstrate that they have a meritorious defense to liability, not merely a meritorious defense as to damages. This contention lacks merit. The primary inquiry in evaluating the meritorious defense factor involves determining whether there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default. Hawaii Carpenters' Trust Funds v. Stone, 794 F.2d 508, 513 (9th Cir. 1986). Here, the Complaint seeks damages in excess of $170,000 plus attorneys' fees. See Compl. at 10-11. However, Defendants have submitted evidence showing that the amount sought by Plaintiff is excessive in light of the fact that they made no financial gain from showing the Program. Looney Decl. ¶ 12. In addition, Defendants' evidence shows that Defendants' employees were instructed to avoid displaying the Program, and that the Program was shown only because Plaintiff's undercover [*7] investigator had requested that they do so. Id. ¶¶ 8-9.[1] This evidence is more than sufficient to show that there is some possibility that the outcome of the suit after a full trial would be contrary to the result achieved by the default. See Hawaii Carpenters' Trust Funds, 794 F.2d at 513.

Finally, Plaintiff contends that the Magistrate erred in finding that Defendants' conduct was not in bad faith. The failure to answer a complaint is not, standing alone, tantamount to bad faith. TCI, 244 F.3d at 697. Rather, there must be evidence of willful or deliberate conduct that evidences an attempt to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process[.] Id. Plaintiff argues that the Magistrate improperly shifted the burden on this issue onto Plaintiff as opposed to Defendants. As support, Plaintiff points to the Magistrate's statement that Plaintiff has not shown that Defendant[s] [*8] acted in bad faith. See Pl.'s Mot. at 6:14-20 (emphasis added).

---

[1] Defendant Looney also points out that he has settled three prior lawsuits with Plaintiff's counsel, Thomas Riley, and therefore, he was particularly vigilant about not displaying pay-per-view programs. Looney Decl. ¶ 9.

Lisa Clay

However, the Magistrate did not, in fact, impermissibly shift the burden to Plaintiff. In reaching her conclusion that Defendants did not engage in culpable conduct, the Magistrate discussed the evidence submitted by Defendants and concluded that it showed that their actions were not in bad faith. The Magistrate's remark referenced by Plaintiff was nothing more than a statement that Plaintiff had presented no evidence to rebut Defendants' evidentiary showing.

## IV. CONCLUSION

The Court has reviewed de novo the portions of the R&R to which Plaintiff has objected and concludes that Plaintiff's objections are without merit. Accordingly,

IT IS HEREBY ORDERED THAT:

1. Plaintiff's Motion for De Novo Determination Re Defendants' Motion to Set Aside Entry of Default is GRANTED. Upon de novo review, the Court OVERRULES all of Plaintiff's objections to the R&R.

2. The Court ADOPTS the Magistrate's R&R, which shall become the Order of the Court. Therefore, Defendants' Motion to Set Aside Default is GRANTED. Defendants shall have fourteen (14) days from the date this Order is filed to respond to the complaint.

3. This Order terminates Docket [*9] 19, 31 and 32.

IT IS SO ORDERED.

Dated: April 19, 2013

/s/ Saundra B. Armstrong

SAUNDRA BROWN ARMSTRONG

United States District Judge

Lisa Clay