UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| G & G Closed-Circuit Events, LLC, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Jaime F. Castillo, Maria A. Castillo, )<br>and El Bajio Enterprises, Inc. )<br>)<br>Defendants. ) | Case No. 14-CV-02073<br><br>Judge Joan Gottschall<br>Magistrate Jeffrey Cole |
| Jaime F. Castillo, on behalf of himself )<br>and others similarly situated, )<br>)<br>Counter-Plaintiffs, )<br>)<br>v. )<br>)<br>G & G Closed-Circuit Events, LLC, )<br>)<br>Counter-Defendant. ) | |

### DEFENDANTS/COUNTER-PLAINTIFFS' BRIEF IN SUPPORT OF THEIR MOTION TO COMPEL AND FOR DISCOVERY SANCTIONS

Pursuant to Rule 37 of the Federal Rules of Civil Procedure, Defendants/Counter-Plaintiffs ("Defendants") hereby move for an order compelling compliance and sanctioning non-compliance for the reasons set forth herein. In support of this Motion, Plaintiff states as follows:

### STATEMENT OF FACTS

1. Defendants have made good faith efforts to move discovery forward since filing their first set of interrogatories and document requests on April 30, 2015. Plaintiff has utilized

only three discovery tactics since that time: delay, obfuscation and unresponsiveness. Defendant's counsel (stupidly) wasted months sending letters outlining her objections. It was only after Judge Cole's strongly-worded order of August 11, 2015 that Plaintiff made any effort at compliance.

2. Because that effort at compliance was technically complete but did not provide all of the information Defendants wishes to obtain, Defendant's counsel served a second set of interrogatories on October 6, 2015. (*See Tab 1 to Local Rule 37.2 Statement of Lisa L. Clay, Attached hereto as Exhibit A.*) Relatedly, Plaintiff's counsel improperly designated every single page of their responses "confidential" despite the fact that only three of the documents – a contract with DirecTV and several lists of potential targets – were appropriate for designation under the agreed protective order. Defendant's counsel abandoned her efforts at meet and confer on this issue after several conversations with Plaintiff's counsel that went nowhere. The only documents Plaintiff's counsel agreed would be undesignated were letters sent to the Defendants.

3. At the status on November 2, 2015 Judge Cole indicated his disappointment that the parties had not completed discovery. Despite representations from both counsel regarding prior hearings where discovery delays had been addressed and explained due to the class action nature of the still-pending motion to dismiss Defendants' counterclaim, Judge Cole set a "no extension" discovery deadline of March 1, 2016. He also indicated to the undersigned that if she did not aggressively pursue her outstanding issues with DirecTV, and file a Motion to Compel in the absence of compliance by Friday, November 13, 2015 that any issues regarding discovery with DirecTV would be waived.

4. Also at the November 2, 2015 hearing, Judge Cole also stated that the case is "not complicated." Defendants' counsel objects to this representation, and sets forth the following as grounds to assist the court in understanding her contention that this case is in fact exceedingly complicated.

> \*\* In 2010 DirecTV entered into a $13.5 million dollar settlement with AGs across the country for deceptive sales and marketing practices, including but not limited to, failure to properly supervise third-party installers who were (intentionally or unintentionally?) providing commercial establishments with residential accounts. It is only since the undersigned counsel and Mr. Castillo began discussing his issues with DirecTV (within the last 3 – 4 months) that counsel realized the importance of this issue, as a possible explanation for why Mr. Castillo was able to access the programming in question without purchasing a commercial license, and without committing any sort of wrongdoing – i.e. because all that is needed to view pay-per-view programming on a residential account is the code/channel provided by DirecTV and/or the boxing promotion company. Note that Mr. Castillo stated in his counterclaim that a nameless patron he believes is the investigator in this matter asked him to turn on the fight, and provided the code to enter into his remote. For this reason, Defendants will need the deposition of the third-party installer – an individual whose identity those received through their DirecTV subpoena – as well as possible DirecTV representatives regarding the AG settlement.
>
> \*\*Defendants have alleged in their counterclaim that the tactics employed by the so-called "investigators" may violate the Illinois Consumer Fraud Act. Specifically, Defendants have alleged that the investigator in this matter (Aaron Lockner) signed an affidavit that did not disclose he was the individual who asked Mr. Castillo to turn on the fight; that he exaggerated the capacity of the restaurant despite obvious signage; and that there may be other factual errors in his affidavit. More generally, Defendants' counsel has been provided with a number of examples of affidavits that use false names, false investigative agencies, and/or rely on video evidence that is clearly fraudulent.
>
> For these reasons the question of how these investigators are hired; who hires them and directs their activities; what information they are provided and how they are directed; how they are paid; and whether they have been directed to target "mom and pop" or minority establishments by certain individuals are all issues that require both written and deposition discovery. Third party subpoenas have been served on Signal Auditing (an organization these boxing companies admit to working with in numerous affidavits filed in this jurisdiction) and have been ordered against Tom Riley's auditing contact, Jackie Cortez. (Recall Tom Riley is the lawyer who sends the threatening and exaggerated pre-suit letters, as described below.) A process server for Defendant's counsel has been attempting to locate both Larry Biela (the agency contact Aaron

*Lockner works for) and Aaron Lockner, to no avail. Mr. Biela, Mr. Lockner and the "auditing" companies who employ them are all possible additional defendants with regard to the counterclaim, and Defendants' counsel needs time to obtain the written discovery requested from these third parties and depose, at minimum Jackie Cortez, Larry Beila, Aaron Lockner, and at least two other local auditors who appear to have provided blatantly fraudulent affidavits in other cases. One or more representatives of Signal Auditing will also need to be deposed.*

*\*\* A second allegation in the counterclaim relates to the scare tactics and threats employed by the Law Firm of Thomas P. Riley and his agents. In discovery Defendant Jaime Castillo provided documents suggesting that he spoke with a "Tiffany," a "Vanessa" and a "Julia." (See Exhibit A, Tab 3.) Despite this specificity, Plaintiff only provided relevant information for two of the three individuals. Defendants believe that Tom Riley and his agents are the individuals that sometimes direct "investigators," and may share liability with the investigators and/or have separate and distinct liability for threatening and improper "collection" tactics. Discovery as to this issue requires response to a pending third-party subpoena for documents to both Jackie Cortez and Tom Riley, as well as the depositions of Ms. Cortez and Mr. Riley, along with all agents in Riley's office who worked during the time Mr. Castillo was being threatened.*

*\*\* To make matters more complicated, Signal Auditing is also represented by Julie Lonstein, the same attorney that represents DirecTV, Comcast, these three boxing entities, and a host of other "pirate" plaintiffs. The undersigned has concerns that information is being shared between these parties that may create the basis for conspiracy claims. Counsel may need additional written and deposition discovery on these issues after reviewing the documents and taking the depositions described above.*

5. Frightened by the realization that her clients' counterclaim still required extensive prove-up, Defendant's counsel sent a letter with deposition notices and subpoenas to Plaintiff's counsel on November 5, 2015 and also inquired as to the status of responses to the second set of discovery. (*See Exhibit A, Tab 3 without attachments*).

6. Plaintiff's responses to the second set of interrogatories were untimely and unresponsive.[1] Defendant's counsel emailed counsel requesting a meet and confer and/or deposition dates on November 14, November 16, November 17, and November 18, (*See Exhibit A, Tab 4*) and finally caught Plaintiff's counsel on the phone to conduct a (largely unproductive) meet and confer on November 20. Defendant's counsel followed up with an email and telephone call on November 23. Plaintiff's counsel did not respond to the email or return the phone call. (*Id.*)

7. Defendants have requested the names and contact information for G & G employees (Interrogatory No. 18), the names and contact information for employees who work for the Law Office of Thomas P. Riley (Interrogatory No. 19), the names of Signal Auditing representatives with whom G&G or its named agents have communicated (Interrogatory No. 20) and all contact information for Larry Biela and Aaron Lockner, the investigators described above. (*Responses to Second Set of Interrogatories attached to Exhibit 1, Tab 5.*)

8. Defendants' counsel was willing to narrow her requests (*See Exhibit 1, Tab 6*) but Plaintiff's counsel has refused to further discuss the outstanding responses with her.

9. On November 24, Lee Scira, DirecTV's representative, requested a copy of the unsigned contract between DirecTV and G&G that was produced subject to confidentiality order. Defendant's counsel emailed Plaintiff's counsel to request authorization to provide the document to DirecTV, as a party to the contract. Plaintiff's counsel refused. (*See Exhibit 1, Tab 7.*) For this reason, Defendants' counsel believes Plaintiff and their counsel will continue to

---

[1] Although the responses are dated November 9, 2015, the day they were due, Defendants' counsel did not receive a copy until she asked for them at least three times, and was finally provided a hand-delivered copy on November 17, 2015.

abuse the confidential designation, and therefore requests an in-camera review of all documents produced to date and a clearly-worded order regarding proper designation.

10. Defendants' counsel has done everything in her power to obtain dates for depositions and move written discovery forward. Thanks to Plaintiff's obfuscation and delay tactics, the parties have nothing to show for the last 4+ weeks of the 5 months they were provided to complete discovery. That means that Defendants' counsel has less than four months to obtain compliance with third-party subpoenas for records from four third-parties, all of whom Defendants' counsel expects to resist compliance; and complete the depositions of a minimum of twelve depositions from these same third parties, in addition to the depositions of two G&G representatives, Nicholas and Joseph Gagliardi.

11. Defendants' counsel has made good faith attempts to resolve these differences, and states her compliance with Local Rule 37.2 in the attached Statement. (*Exhibit 1.*)

## LEGAL ARGUMENT

Plaintiff's primary objection to Defendants' Second Set of Interrogatories is their specious claim that Defendants have propounded more than 25 interrogatories, a calculation done by totaling the subparts of Defendants' prior requests. (*Plaintiff's Responses to Defendants' First Set of Interrogatories (without enclosures)* attached hereto as Exhibit 1, Tab 8.) During the parties meet and confer Plaintiff's counsel Andre Ordeanu indicated he would require Defendant's counsel to brief the issue of "subparts" despite the undersigned counsel's request that "[he] reconsider [his] objection ... and save us both the hassle of taking an issue before Judge Cole ... that he will not want to see." (*See* Exhibit 1, Tab 6.)

6

As counsel stated in her November 20, 2015 email, courts should utilize a "common sense, rather than overly technical, approach to construing subparts of interrogatories... that is, if the subparts are 'directed at eliciting details concerning a common theme,' the subparts should be counted together as one interrogatory." *Jackson v. Alton & Southern Ry. Co.*, Case No. 07-807-GPM, 2008 U.S. Dist. LEXIS 53310 at *3 (S.D. Ill. July 11, 2008). (*See Exhibit A, Tab 9.*) Because Defendants' subparts are clearly drafted for that purpose, Defendants do not believe they have exceeded the number of interrogatories allowed to them under the rules. As a matter of practicality, if the court believes differently, Defendants will simply seek leave to serve additional discovery.

Similarly, for the same reasons Plaintiff's counsel was entitled to the names and contact information for all of the employees of La Pena, Defendants should be entitled to the names and contact information for G&G, Riley and Signal Auditing individuals who may have knowledge of issues relating to the counterclaim (how auditors are hired, what information auditors are given, how hit lists are drafted, where the information for hit lists is derived from, what information is used to determine amounts to extract from alleged pirates, etc.) *See, e.g. Jones v. Nat'l Counsel of YMCA*, No. 09 C 6437 2011 U.S. Dist. LEXIS 36087 at * 8 (N.D. Ill. March 31, 2011). (*See Exhibit 1, Tab 10.*)

Plaintiff's objections have no basis in fact or law. Defendants respectfully request that Plaintiff's objections be seen for what they are – transparent stall tactics – and that those objections form the basis for an order requiring compliance and assessing sanctions.

WHEREFORE, Defendants respectfully request that this Court enter an order (a) compelling Plaintiff to immediately provide complete responses to Defendants' Second Set of

Interrogatories; (b) ordering Plaintiff to provide all documents produced subject to protective order for in-camera review for proper designation; (c) requiring that Plaintiff set the depositions of Nicholas and Joseph to be completed on or before January 31, 2015; (d) requiring that Plaintiffs either take the deposition of Jaime and Maria Castillo on or before December 31, 2015 or waive their opportunity to do so; (e) granting Defendants until March 1, 2015 to name additional parties and allowing Defendants additional time to complete discovery; (f) requiring Plaintiff to pay Defendant's reasonable attorneys' fees and expenses incurred because of Plaintiff's failures to comply with discovery and this Court's Protective Order; (g) setting additional sanctions for non-compliance with the order entered herein; and (h) granting any such additional relief as this Court deems necessary and appropriate.

        Respectfully submitted,

        _____/s/ Lisa L. Clay
        Counsel for Defendants/
        Counter-Plaintiffs

Lisa L. Clay, Attorney at Law
345 North Canal Street, Suite C202
Chicago, Illinois 60606
Phone: 312.753.5302
lclayaal@gmail.com
ARDC # 627725

## CERTIFICATE OF SERVICE

Lisa L. Clay, an attorney, certifies that on November 27, 2015 she served a copy of the foregoing *Defendants/Counter-Plaintiff's Brief in Support of Their Motion to Compel and for Discovery Sanctions* by filing same via the ECF filing system, with notice being provided to the following:

Andre Ordeanu
andre@zanesmith.com

Zane Smith
zane@zanesmith.com

I also certify that I arranged for a courtesy copy of same to be delivered to chambers pursuant to applicable local rule.

_____ /s/ Lisa L. Clay

# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| G & G Closed-Circuit Events, LLC, <br><br> Plaintiff, <br><br> v. <br><br> Jaime F. Castillo, Maria A. Castillo, and El Bajio Enterprises, Inc. <br><br> Defendants. | Case No. 14-CV-02073 <br><br> Judge Joan Gottschall <br> Magistrate Jeffrey Cole |
| Jaime F. Castillo, on behalf of himself and others similarly situated, <br><br> Counter-Plaintiffs, <br><br> v. <br><br> G & G Closed-Circuit Events, LLC, <br><br> Counter-Defendant. | |

**LOCAL RULE 37.2 STATEMENT IN SUPPORT OF
DEFENDANTS/COUNTER-PLAINTIFFS' MOTION TO COMPEL
AND FOR DISCOVERY SANCTIONS**

LISA L. CLAY, an adult resident of the state of Illinois states the following, upon her personal knowledge:

1. I am the attorney representing the Defendants/Counter-Plaintiffs in the above-referenced matter.

2. I have made the efforts and drafted the letters and emails referred to in these Defendants' Motion to Compel in an effort to obtain responses to written discovery and deposition dates.

3. Attached to this Statement are true and correct copies of the following:

| Tab | Date | Description |
|---|---|---|
| 1 | October 6, 2015 | Letter from Lisa Clay to Zane Smith/Andre Ordeanu enclosing second set of interrogatories. |
| 2 | August 13, 2015 | Letter from Lisa Clay to Andre Ordeanu referencing request for complete contact information for "Tiffany," "Vanessa" and "Julia" from Tom Riley's office. |
| 3 | November 5, 2015 | Letter from Lisa Clay to Andre Ordeanu enclosing deposition notices and third-party subpoenas. |
| 4 | November 14, 16, 17, 18 and 23, 2015 | Emails from Lisa Clay to Andre Ordeanu requesting meet and confer and/or deposition dates. |
| 5 | November 9, 2015 | Plaintiff's Responses to Defendants' Second Set of Interrogatories. |
| 6 | November 20, 2015 | Email from Lisa Clay to Andre Ordeanu confirming November 20, 2015 meet and confer. |
| 7 | November 24, 2015 | Emails between Lisa Clay, DirecTV representative Lee Scira, and Andre Ordeanu |
| 8 | Undated | Plaintiff's Responses to Defendants' Counter-Claimants' First Interrogatories |
| 9 | July 11, 2008 | *Jackson v. Alton & Southern Ry. Co.*, Case No. 07-807-GPM, 2008 U.S. Dist. LEXIS 53310 at *3 (S.D. Ill. July 11, 2008). |
| 10 | March 31, 2011 | *Jones v. Nat'l Counsel of YMCA*, No. 09 C 6437 2011 U.S. Dist. LEXIS 36087 at * 8 (N.D. Ill. March 31, 2011). |

I state under penalty of perjury and in accordance with 28 U.S.C. §1746 that the foregoing is true and correct.

_____          Dated: November 27, 2015
Lisa L. Clay