UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| G & G CLOSED CIRCUIT EVENTS, LLC, <br><br>Plaintiff, <br><br>v. <br><br>JAIME F. CASTILLO, MARIA A. CASTILLO, and EL BAJO ENTERPRISES, INC., <br><br>Defendants. <br><br>JAIME F. CASTILLO, on behalf of himself and others similarly situated, <br><br>Counter-Plaintiffs, <br><br>v. <br><br>G & G CLOSED CIRCUIT EVENTS, LLC, <br><br>Counter-Defendant. | Case No. 14-CV-2073 <br><br>Judge Joan B. Gottschall |

**ORDER**

Plaintiff/Counter-Defendant G & G Closed Circuit Events, LLC's motion to dismiss [50] is denied.

**STATEMENT**

**A.     Background**

G & G Closed Circuit Events, LLC (G & G) filed a complaint on March 25, 2014 against Jaime Castillo ("Jaime"), Maria Castillo ("Maria") and El Bajio Enterprises, Inc. doing business as La Pena Restaurante ("La Pena") (collectively, "Defendants/Counter-Plaintiffs"). G & G alleges violations of 47 U.S.C. §§ 553 (the "Cable Act") and 605 (the "Communications Act"),

contending that Defendants/Counter-Plaintiffs unlawfully televised a boxing match in their establishment despite G & G's exclusive television distribution rights for the match. Dkt. 1. Defendants/Counter-Plaintiffs answered the complaint and filed a two-count counterclaim against G & G for common law fraud and for an alleged violation of the Illinois Consumer Fraud and Deceptive Practices Act. Dkt. 15. G & G filed its motion to dismiss Defendants/Counter-Plaintiffs' counterclaim. Dkt. 16. This court granted G & G's motion to dismiss Defendants/Counter-Plaintiffs' claim for common law fraud but denied the motion as to the claim under the ICFA. Dkt. 28.

Defendant/Counter-Plaintiffs then filed their first amended counterclaim styled as a putative class action ("class counterclaim").[1] Dkt. 48. G & G now seeks to dismiss the counterclaim pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons below, the motion is denied.

**B. Legal Standard**

"A motion under 12(b)(6) tests whether the complaint states a claim on which relief may be granted." *Richards v. Mitcheff*, 696 F.3d 635, 635 (7th Cir. 2012). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). To survive a motion to dismiss pursuant to Rule 12(b)(6), a counterclaim must "state a claim to relief that is plausible on its face." *Sarkis' Café, Inc. v. Sarks in the Park, LLC*, 55 F.Supp.3d 1034, 1038 (N.D. Ill. 2014), *citing Bell Atl. Corp. v. Twombly*,

---

[1] On May 13, 2015, this court denied Defendants/Counter-Plaintiffs' motion to certify a class without prejudice with the understanding that the request for class certification remains pending as a placeholder and no rights are waived. Dkt. 18. *Zamudio v. Nick & Howard LLC*, 2015 WL 6736679 at *2, *citing Damasco v. Clearwire Corp.*, 662 F.3d 891, 897 (7th Cir. 2011), *overruled on other grounds*, *Chapman v. First Index, Inc.*, 796 F.3d 783, 787 (7th Cir. 2015) ("We overrule Damasco…to the extent they hold that a defendant's offer of full compensation moots the litigation or otherwise ends the Article III case or controversy.")

550 U.S. 544, 570 (2007). For the purposes of a motion to dismiss, the court takes all facts alleged by the plaintiff as true and draws all reasonable inferences from those facts in the plaintiff's favor, although conclusory allegations that merely recite the elements of a claim are not entitled to this presumption of truth. *Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011).

**C. Illinois Consumer Fraud and Deceptive Practices Act Counterclaim**

In their one-count amended class action counterclaim, Defendants/Counter-Plaintiffs allege that G & G's violated the Illinois Consumer Fraud and Deception Practices Act ("ICFA") by using "questionable tactics" that constituted an "unfair practice." This claim is based on Defendants/Counter-Plaintiffs' allegations that G & G is using scare tactics, misrepresenting its legal rights, and exaggerating its potential legal damages when attempting to negotiate settlements with Defendants/Counter-Plaintiffs and others like them.

As noted in this court's earlier opinion denying G & G's motion to dismiss Defendants/Counter-Plaintiffs' original counterclaim, the ICFA "is construed liberally to effectuate its purpose." *Wigod v. Wells Fargo Bank*, *N.A.*, 673 F.3d 547, 574. The elements of a claim under the ICFA are: "(1) a deceptive act or unfair practice by the defendant; (2) the defendant's intent that the plaintiff rely on the deceptive or unfair practice; and (3) the unfair or deceptive practice occurred during a course of conduct involving trade or commerce." *Siegel v. Shell Oil Co.*, 612 F.3d 932, 935 (7th Cir. 2010). "Unlike a claim for common law fraud . . . to state a claim under the ICFA, [a party] need not allege that [it] actually relied on [the] deceptive statements." *Ibarrola v. Kind, LLC*, No. 13-C- 50377, 2014 WL 3509790 at *4 (N.D. Ill. July 14, 2014) (internal citations omitted).

The Seventh Circuit has held that when an ICFA claim is made on the basis of "unfair conduct" rather than "fraud," the heightened pleading requirement of Fed. R. Civ. P. 9(b) does

not apply. *See Windy City Metal Fabricators & Supply, Inc. v. CIT Technology Financing Services, Inc.*, 536 F.3d 663, 670 (7th Cir. 2008). The Seventh Circuit has applied a three-prong test to determine whether the "unfairness" prong is satisfied: "a defendant's conduct must (1) violate public policy; (2) be so oppressive that the consumer has little choice but to submit; and (3) cause consumers substantial injury." *Siegel*, 612 F.3d at 935. Further, a "court may find unfairness even if the claim does not satisfy all three criteria." *Id.*

Although the allegations made in Defendants/Counter-Plaintiffs' class counterclaim do not exactly mirror the allegations made in the original counterclaim, this court finds that Defendants/Counter-Plaintiffs have once again adequately alleged a claim under the ICFA. According to the allegations[2] of Defendants/Counter-Plaintiffs, G & G engaged in a number of "unfair practice[s]" that violate public policy and are intended to be "immoral, oppressive, and/or unscrupulous." The allegations of repeated letters demanding settlement and the admonition that Defendants/Counter-Plaintiffs had little option but to settle sufficiently alleges an "unfair practice" under the ICFA, particularly because the ICFA is "construed liberally." *Wigod*, 673 F.3d at 574.

G & G spends much of its brief arguing the facts that are alleged in the class counterclaim and the merits of the arguments contained therein. However, the court declines to rule on the merits of Defendants/Counter-Plaintiffs' claims at this time. Whether Defendants/Counter-Plaintiffs will eventually prevail on their ICFA claim is a separate question not properly addressed in a motion to dismiss. It is enough, at this stage, that

---

[2] For the purposes of a motion to dismiss, the court takes all facts alleged by the plaintiff as true and draws all reasonable inferences from those facts in the plaintiff's favor. *Virnich*, 664 F.3d at 212. However, the court will not consider the numerous cases attached to the class counterclaim as they do not constitute factual allegations and are instead legal arguments.

Defendants/Counter-Plaintiffs have adequately alleged their claim pursuant to Federal Rule of Civil Procedure 8(a).

Accordingly, G & G's Motion to Dismiss is denied.


Date: December 1, 2015 \_\_\_\_\_/s/_____
Joan B. Gottschall
United States District Judge