UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| G & G CLOSED CIRCUIT EVENTS, LLC )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>JAIME F. CASTILLO, et al., )<br>)<br>Defendants. ) | Case No. 2014-cv-2073<br><br>Judge Edmond E. Chang |

## DEFENDANTS'[1] PRETRIAL ORDER

1.  *Jurisdiction.*

This action was brought pursuant to The Communications Act of 1934, as amended, Title 47 U.S.C. § 605, *et seq.*, and The Cable & Television Consumer Protection and Competition Act of 1992, as amended, Title 47 U.S.C. § 553, *et seq.* The 47 U.S.C. § 553 claim has since been dismissed. *See* (Dkt. No. 350 at 2). This Court has federal question jurisdiction over the 47 U.S.C. § 605 claim pursuant to 28 U.S.C. § 1331.

2.  *Trial Attorneys.*

    **Plaintiff**

    Zane D. Smith
    ZANE D. SMITH & ASSOCIATES, LTD.
    221 N. LaSalle Street – Suite 1320
    Chicago, Illinois 60601
    (312) 245-0031

---

[1] Plaintiff informed Defendants on November 5, 2018 at 8:24 p.m. that it would file its own separate pretrial order; Defendants are therefore left with no option but to file this separate order, despite their belief that a vast majority of the pre-trial was agreed and could have been filed jointly.

    Boris Samovalov
    ZANE D. SMITH & ASSOCIATES, LTD.
    221 N. LaSalle Street - Suite 1320
    Chicago, Illinois 60601
    (312) 245-0031

    **Defendants**

    Lisa L. Clay
    Attorney at Law
    Karen J. Doran
    Attorney at Law
    2100 Manchester Road, Suite 1612
    Wheaton, IL 60187
    (312) 753-5302 (Lisa L. Clay)
    (630) 384-9367 (Karen J. Doran)
    lclayaal@gmail.com
    karen@karedoranlaw.com

3.     *Case Statement*:

**Defendants' Proposed Statement**:

This is a case arising out of the alleged unlawful showing of the *Austin Trout v. Saul Alvarez Fight Program,* on Saturday, April 20, 2013. Plaintiff claims to have paid for and have thereafter been granted the exclusive nationwide television distribution rights to that Program and alleges that Defendants unlawfully and willfully showed that Program at their commercial establishment, La Pena Restaurante. Defendants dispute that the plaintiff owned the rights it claims and that Plaintiff's agent asked Defendants to turn on the Program, thereby unlawfully entrapping them.

4.     *Trial Length / Number of Jurors.*

    a.     Trial Length: Plaintiff anticipates that the trial will take 4 days. Defendants anticipate that it may take up to 7 days.

    b.     Opening Statements: 30 minutes per side.

      c.      Closing Statements:    45 minutes for Plaintiff (includes rebuttal); 30 minutes for Defendants.

      d.      Witness Examination: The Parties are unable to provide estimates for examination times as it will depend on how this Honorable Court rules with respect to their Motions *in Limine*.

      e.      Number of Jurors:    12

5.    *Stipulations and Uncontested Facts.*

      Attached as **Exhibit 1**.[2]

6.    *Witness Description Lists.*

**Defendants – Will be Called**:

1.    Nicolas J. Gagliardi. Mr. Gagliardi is the President of G & G Closed Circuit Events, LLC. He will testify as to his lack of knowledge regarding his Attorney's piracy detection activities; his lack of knowledge regarding his Attorney's pre-litigation activities; his lack of knowledge regarding the investigation process; his litigation representations regarding contractual rights; and his purported rights to the Program,

2.    Julie Dadayan: Ms. Dadayan will be called to testify regarding her pre-litigation communications with Jaime and Maria Castillo; Attorney Riley's pre-litigation activities; Attorney Riley's investigation processes; Attorney Riley's piracy client practices generally. [Through reading of deposition testimony.]

3.    Jackie Cortez: Ms. Cortez will be called to testify regarding Attorney Riley's pre-litigation activities; Attorney Riley's investigation processes; Attorney Riley's piracy client

---

[2] Defendants understand that as of 11/5/18 at 5:19 p.m. these were facts stipulated by both parties.

practices generally and Attorney Riley's investigator compensation practices. [Through reading of deposition testimony.]

4. Aaron Lockner. Aaron Lockner is an individual who has produced an affidavit claiming to have observed the Program at La Pena Restaurante. Mr. Lockner will testify as to his work for Attorney Riley; his investigation activities generally and with regard to the evening in question, and his alleged interactions with Defendants.

5. Jamie Castillo. Mr. Castillo is a Defendant in this matter and will be called to testify as to the usual Saturday evening events at La Pena, including April 20, 2013; television programming shown at La Pena; how he obtained DirecTV services for La Pena Restaurante (DirecTV evidence is not excluded per Defendants' Motion in Limine Number 2), his duties and his conversations with an unknown patron who asked that the Program be turned on, presumed to be Aaron Lockner, on April 20, 2013, his communications with Thomas Riley's office, and his roles and responsibilities as an officer of La Pena.

7. Gloria (Michelle) Guadalupe. Ms. Guadalupe will be called to testify as to the usual Saturday evening events at La Pena; television programming shown at La Pena; her duties on a usual Saturday night, including April 20, 2013, and her roles and responsibilities as a bartender.

8. Byron Vinicio Vaca. Mr. Vaca will be called to testify as to the usual Saturday evening events at La Pena, including April 20, 2013; television programming shown at La Pena; his relationship with Jaime and Maria Castillo, and his personal experiences as a patron at La Pena.

9. Maribel Huayamave. Ms. Huayamave will be called to testify as to the usual Saturday evening events at La Pena including April 20, 2013 and television programming shown at La Pena.

10. Edipson (Andres) Vineuza. Mr. Vineuza will be called to testify as to the usual Saturday evening events at La Pena including April 20, 2013 and television programming shown at La Pena.

**Defendants – Might be Called**:

1. Thomas P. Riley. Mr. Riley will be called to testify as to his piracy detection activities; his pre-litigation activities; his investigation processes; his litigation representations regarding contractual rights and his client's purported exclusive commercial distribution rights to the Program. [Only if Motion in Limine Number 5 regarding his testimony is not granted; through deposition testimony.]

2. Neema Ghazi, Vice-President, Distribution & Business Development for Showtime Networks, Inc.: Mr. or Ms. Ghazi will be called to testify as to how he or she could have knowledge of Showtime's alleged authorization to G&G Closed-Circuit Events LLC of the April 20, 2013 Showtime boxing event in question when s/he did not work for Showtime in 2013; s/he will also be called to testify as to who asked him/her to draft the September 28, 2018 letter produced to Defendant on October 16 2018 as part of Plaintiff's Supplemental Disclosures, and what information s/he relied upon drafting the requested letter. [Only if Motion in Limine Number 1 regarding the September 28, 2018 letter is not granted.]

3. Maria Castillo. Ms. Castillo is a Defendant in this matter and will be called to testify as to the usual Saturday evening events at La Pena, including April 20, 2013; television

programming shown at La Pena; her duties on April 20, 2013, her communications with Thomas Riley's office, and her role and responsibilities as an officer of La Pena.

4. Rosa Marisol Ronquillo: Ms. Ronquillo may be called to testify as to the usual Saturday evening events at La Pena, including April 20, 2013 and television programming shown at La Pena.

5. Jaime Bravo: Mr. Bravo may be called to testify as to the usual Saturday evening events at La Pena, including April 20, 2013 and television programming shown at La Pena.

7. *Exhibits and Exhibit Charts.*

**Defendants**

Defendants Exhibit List is attached hereto as **Exhibit 2**. Defendant's objections to Plaintiff's exhibits are attached hereto as **Exhibit 3**.

8. *Deposition Designations*

**Defendants**

Thomas Riley, Julie Dadayan, and Jackie Cortez, if not in attendance, and depending upon this court's rulings on motions in limine.[3]

9. N/A for Defendant

10. *Motions in Limine*

**Defendants**

1. Motion to exclude Plaintiff's Exhibit Number 14, the September 28, 2018 letter purporting to be correspondence from Showtime to G&G.

---

[3] Neither Plaintiff nor Defendant provided the other specific designations of testimony. Defendants did not do so because they were advised Plaintiff would be moving to exclude all testimony from Ms. Dadayan and Ms. Cortez, and because they were advised Mr. Riley would be called to testify. Defendants ask that the Court not require either party to provide designations until after it has ruled on pending motions in limine, which will obviate the need to designate testimony if granted.

      2.      Motion to bar evidence relating to settled DirecTV claims.

      3.      Motion to bar invoices, bills, statements and testimony related thereto from La Pena Restaurante vendors.

      4.      Motion to bar witnesses and documents not disclosed prior to the close of discovery on March 1, 2016.

      5.      Motion to bar certain testimony from Thomas P. Riley.

11.    *Voir Dire Questions*

**(a) Agreed Upon Questions:**

1. Do any of you own a restaurant or a bar?

2. Do any of you manage a restaurant or a bar?

3. Have any of you ever been to or heard of La Pena Restaurante in Chicago?

4. Do you believe that sporting events should be available to the public free of charge?

**(b) Plaintiff's Proposed Voir Dire Questions**:[4]

1. Do you believe in ownership of intellectual property?
   - <u>Objection</u>: This case does not involve "ownership of intellectual property" and would therefore confuse potential jurors and possibly unfairly prejudice them that G&G is an owner of intellectual property.

2. Do you believe that owners of intellectual property have the right to be compensated for the use of the intellectual property?
   - <u>Objection</u>: This case does not involve "ownership of intellectual property" and would therefore confuse potential jurors and possibly unfairly prejudice them into believing that G&G is an owner of intellectual property.

3. Do you believe that artists should be compensated for their work?
   - <u>Objection</u>: This case does not involve "artists" and would therefore confuse potential jurors and possibly unfairly prejudice them into believing that G&G is an artist.

4. Do you believe that owners of entertainment programming have the right to be compensated for the use or viewing of such programing?

---

[4] Defendants believe that as of 11/5/18 at 4:59 p.m. these were Plaintiff's final proposed voir dire questions.

- Objection: This case does not involve ownership of programming and would therefore confuse potential jurors and possibly unfairly prejudice them into believing that G&G owns programming.

5. Do you believe that music should be available to the public free of charge?
    - Objection: This question is vague and may unfairly prejudice the jury into equating music rights to the issues in this case.

6. Do you believe that movies should be available to the public free of charge?
    - Objection: This question is vague and may unfairly prejudice the jury into equating movie rights to the issues in this case.

**(b) Defendants' Proposed Questions**:

1. Do you or anyone in your immediate family own a small business?

2. Do you believe the United States should build a wall across its border with Mexico?

3. Do you believe that the United States should pass laws to make English the only language spoken?

4. Where do you receive most of your news? (CNN, MSNBC, Fox News, Online sources?)

5. What sports do you enjoy? Any favorite places to watch sports?

6. Have you or anyone in your immediate family received correspondence from Attorney Thomas P. Riley, Attorney Julie Lonstein, Attorney Mary Schulz or Attorney Michael Hierl?

7. Are you a boxing fan? Have you ever paid for a PPV program for your home or residence?

12. *Jury Instructions / Verdict Forms.*

- The Plaintiff and Defendants could not agree on some Jury Instructions and Verdict Forms.

- Defendants have attached what they believe are Agreed Jury Instructions as **Exhibit 4**.

- Defendants' Objections to Certain of Plaintiff's Proposed Jury Instructions are attached as **Exhibit 5**.

- Defendants' Proposed Jury Instructions are attached as **Exhibit 6**.

- Defendants' Proposed Verdict Form is attached as **Exhibit 7**.

13. *Signature*

/s/ Lisa L. Clay
Lisa L. Clay
Attorney at Law
Karen J. Doran
Attorney at Law
2100 Manchester Road, Suite 1612
Wheaton, IL 60187
(312) 753-5302
(630) 384.9367
lclayaal@gmail.com
karen@karendoran.law.com

Attorneys for Defendants