**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION**

| | |
|---|---|
| G & G CLOSED CIRCUIT EVENTS, LLC, | Court No. 1:14-cv-2073 |
| Plaintiff, | |
| v. | Judge Edmond E. Chang |
| JAIME F. CASTILLO, ET AL., | |
| Defendants. | |

**Defendants' Federal Rule of Civil Procedure 50(a)
Motion for Judgment as a Matter of Law**

Defendants, Jaime Castillo, Maria Castillo, and El Bajio Enterprises, Inc. d/b/a La Pena Restaurante, by and through their attorneys, Karen J. Doran and Lisa L. Clay, ask this Court to enter judgement as a matter of law against the Plaintiff, G&G Closed-Circuit Events, Inc., and in support thereof state as follows:

Rule 50 of the Federal Rules of Civil Procedure allows the Court to remove cases or issues from the jury's consideration when the facts are sufficiently clear that the law requires a particular result. *Weisgram v. Marley Co.*, 528 U.S. 982 (1999). Such is the case here, on two issues. First, Plaintiff has failed to establish, by a preponderance of the evidence, the existence of the alleged distribution rights. Second, Plaintiff has failed to establish, by a preponderance of the evidence, that it is entitled to enhanced damages. To the contrary, Defendants are entitled, by a preponderance of the evidence, to a reduction in statutory damages pursuant to 47 U.S.C. § 605 (e)(3)(C)(iii).

**Issue One: Plaintiff's alleged exclusive commercial distribution rights.**

To win its case, the Plaintiff must first prove that it had the exclusive commercial distribution rights to the Trout/Alvarez Fight Program on April 20, 2013. ("Elements of the

1

Claim," Final Jury Instructions, p. 18.) The Plaintiff's case to the jury is "that it entered into an agreement with Showtime Networks, Inc. to be the exclusive nationwide commercial distributor of a boxing program." ("Plaintiff's Claim, Final Jury Instructions, p. 17.) The only evidence the Plaintiff offered at trial to substantiate the existence of an agreement with Showtime was the testimony of its president Nicolas Gagliardi; his sworn statements attesting to that agreement (Plaintiff's Exhibit 15)[1]; a copy of a check made out to Showtime (Plaintiff's Exhibit 13); a copy of an unsigned written contract with DirecTV (Plaintiff's Exhibit 16); and an undated rate card purporting to list the pricing for commercial establishments to air the Program (Plaintiff's Exhibit 17).

> *Black's Law Dictionary* defines an agreement in law as follows:
>
> [A] concord of understanding and intention between two or more parties with respect to the effect upon their relative rights and duties, of certain past or future acts or performances. The consent of two or more persons concurring respecting the transmissions of some property, right, or benefits, with the view of contracting an obligation, a mutual obligation.
>
> A manifestation of mutual assent on the part of two or more persons as to the substance of a contract. Restatement, Second, Contracts, § 3.
>
> The act of two or more persons, who unite in expressing a mutual and common purpose, with the view of altering their rights and obligations. The union of two or more minds in a thing done or to be done; a mutual assent to do a thing. A compact between parties who are thereby subjected to the obligation or to whom the contemplated right is thereby secured.

Plaintiff did not present the jury with any evidence of Showtime's understanding and intention with respect to the effect upon its rights and duties relating to the Program. The jury has no evidence of Showtime's consent respecting the transmission of its rights to the Program. There is only evidence of a manifestation of assent on the part of one – not two – parties. There

---

[1] Plaintiff did not offer Mr. Gagliardi's second affidavit as evidence to the jury of G&G's alleged rights from Showtime, though Defendants did offer it into evidence. (Defendant's Exhibit 29, p. 3-4.)

is no evidence that Showtime acted in any way to express a mutual and common purpose with G&G with a view of altering its rights and obligations. The jury does not have any evidence that Showtime's "mind" was united with G&G's concerning the Program, or that it assented to do anything. Therefore, the Plaintiff has failed to meet its burden of proof that it had the exclusive commercial distribution rights it claimed to have.

### Issue Two: Willfulness[2]

In order to establish entitlement to enhanced damages, Plaintiff must prove, by a preponderance of the evidence, that Defendants acted, when unlawfully showing the Program, (1) willfully and (b) for purposes of direct or indirect commercial advantage or private financial gain in unlawfully showing the Program. To act "willfully" means that the Defendants acted voluntarily, knew that the law prohibited them from showing the Program, and acted with the purpose of violating the law. *United States v. Cross*, 816 F.2d 297, 301 (7th Cir. 1987); *United States v. Anderson*, 741 F.3d 938, 948 fn 8 (9th Cir. 2013). Plaintiff has elicited no testimony and presented no documentary evidence that Defendants knew that the law prohibited them from showing the Program or acted with the purpose of violating the law. Defendants are, therefore, entitled to judgment as a matter of law as to this issue.

Specifically, the only evidence presented at trial is as follows: (a) absolute and categorial denials from both Jaime and Maria that (1) they knew they had residential programming; (2) they knew the law prohibited them from showing the Program; (3) they had any knowledge that the Program was a pay-per-view event; and (4) they had any knowledge that turning the channel to the Program would trigger viewing of a pay-per-view event; (5) their purpose in maintaining a residential account unknowingly was done for the purpose of violating the law; (6) their purpose

---

[2] If the Court grants Defendants' Motion regarding Issue One, Issue Two is moot.

in showing the Program was to violate the law; and (b) documentary evidence that they had residential programming in their apartment (D. Ex. 15).

Importantly, judgment as a matter of law as to this issue does not require a determination of whether Aaron Lockner asked that the Program to be shown. Even assuming, arguendo, that the jury were to find both that Plaintiff had the exclusive commercial distribution rights to the Program and that the Defendants were not entitled to show the Program, the Plaintiff has not and cannot meet its burden as to willfulness. This is because Plaintiff failed to (a) elicit testimony from Defendants on these issues; (2) present witnesses to rebut Jaime and Maria's consistent denials of knowledge and purposeful act(s); and/or (3) produce documentary evidence to rebut the Castillo's testimony and documents. This record is, therefore, absolutely void of any evidence to support the preponderance standard required of Plaintiff. Judgment as a matter of law should prevent the issue of enhanced damages from being considered by the jury.

For those same reasons, Defendants are therefore entitled to judgment as a matter of law requiring reduction of any damages award pursuant to 47 U.S.C. § 605 (e)(3)(C)(iii). *See, e.g. Joe Hand Promotions, Inc. v. Zani*, 11 cv 4319, 2013 U.S. Dist. LEXIS 144565 at *9 fn 2 (Oct 7, 2013); *J&J Sports Prods. v. Dabrowski*, 13 cv 5931, 2015 U.S. Dist. LEXIS 170991 at *17 (Dec. 22, 2015). Because Defendants' burden of proof is even lower than that of Plaintiff, (they were not aware and had no reason to believe their acts violated the law) the evidence above commands judgment as a matter of law entitling Defendants to the safe harbor provisions of § 605.

**WHEREFORE**, Defendants respectfully request that this Honorable Court GRANT this motion for judgment as a matter of law as to Issue One, or in the alternative, as to Issue Two, and grant them any and all additional relief it deems just and equitable.

4

Respectfully submitted:

/s/      Lisa L. Clay                        /s/ Karen J. Doran

Attorney at Law                              Attorney at Law
2100 Manchester Road, Suite 1612             2100 Manchester Road, Suite 1612
Wheaton, Illinois 60187                      Wheaton, Illinois 60187
630.456.4818                                 630.384.9367
lclayaal@gmail.com                           karen@karendoranlaw.com

**CERTIFICATE OF SERVICE**

Lisa L. Clay, an attorney, certifies that on January 9, 2019 she served a copy of the foregoing **Defendants' Federal Rule of Civil Procedure Rule 50(a) Motion for Judgment as a Matter of Law** by filing same via the ECF filing system, which will provide notice to all parties of record.

/s/  Lisa L. Clay

5